

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

October 11, 2020

Hon. Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Lovati, et al. v. Petróleos de Venezuela, S.A.*
     S.D.N.Y. Docket No. 1:19-cv-04799-DAB

Dear Judge Carter:

This firm represents defendant Petróleos de Venezuela, S.A. ("PDVSA") in the above-referenced action.  We write to respectfully request leave to move to certify this Court's September 30, 2020 Order (Dkt. No. 37) (the "September Order") for interlocutory appeal.  We regard this motion as a motion "required by the Federal Rules of Appellate Procedure" for which no pre-motion conference is required under Rule 2.A. of Your Honor's Individual Practices.  If we are misinterpreting Rule 2.A., we respectfully request that the Court schedule a pre-motion conference for the reasons set forth below.

PDVSA submits that certification is warranted under 28 U.S.C. § 1292(b).  Section 1292(b) authorizes a district court to certify an order for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  PDVSA believes that the Court's September Order presents such a question.

At issue is whether a no action clause that bars suit under or with respect to an indenture operates to bar a suit for enforcement of a note issued pursuant to the indenture, when the note prohibits any suit for enforcement "except as provided in the indenture."  This is a controlling question of law as to which there is substantial ground for difference of opinion.  As this Court knows, in *Quadrant Structured Products Co., Ltd. v. Vertin*, 23 N.Y.3d 549 (N.Y. 2014), the New York State Court of Appeals found that a no action clause that only referenced claims under the indenture did not bar common law claims for breaches of fiduciary duty and fraudulent transfer.  However, in *Penades v. Republic of Ecudaor*, No. 15-cv-725, 2016 WL 5793412 (S.D.N.Y. Sept. 30, 2016), a court in this District, applying *Quadrant*, found that a no action clause that referenced claims under both the indenture and the bonds issued under the indenture barred a suit under the bonds.

The circumstances here are not directly on point with either *Quadrant* or *Penades*.  In contrast to *Quadrant*, this is not a suit "involving rights not arising from the indenture agreement," such as breach of fiduciary duty and fraudulent transfer claims.  Rather, similar to *Penades*, this is a suit to enforce a note issued pursuant to the indenture.  Although, like in *Quadrant*, the no action clause here does not expressly bar suits under the note, the note in this case prohibits suit for enforcement of the indenture or note "except as provided in the indenture."  In PDVSA's view, these factors make this case far closer to *Penades* on the analysis of whether the no action clause applies.

For these reasons, we respectfully request that this Court grant PDVSA leave to move to certify the September Order for interlocutory appeal or, in the alternative, schedule a pre-motion conference in connection with PDVSA's contemplated motion.

With this Court's permission, PDVSA will be prepared to serve and file its motion to certify the September Order for interlocutory appeal by November 6, 2020. Counsel for Plaintiffs has informed us that Plaintiffs intend to oppose the motion.

Respectfully yours,
/s/ Robin L. Muir
Robin L. Muir

Senior Associate
robin.muir@hoganlovells.com
D 212 918 3264