NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY

# Duane Morris

*FIRM and AFFILIATE OFFICES*

ANTHONY J. COSTANTINI
DIRECT DIAL: +1 212 692 1032
PERSONAL FAX: +1 212 202 4715
E-MAIL: AJCostantini@duanemorris.com

www.duanemorris.com

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO
SRI LANKA
ALLIANCE WITH
GOWERS INTERNATIONAL

October 13, 2020

<u>VIA ECF</u>

Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *Lovati et al. v. Petroleos de Venezuela, S.A.*, 19-Civ-04799-AJC

Your Honor:

  We represent plaintiffs in this case. We write to respond to defendant's October 12, 2020 letter (D.E. 39 ("Letter")) requesting a pre-motion conference in advance of filing a motion to certify for interlocutory appeal Your Honor's September 30 order denying defendant's motion to dismiss (D.E. 37 ("Order")). The Court should deny defendant's request.

  "Interlocutory appeals are presumptively disfavored." *Garber v. Office of the Com'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014). To meet the high standard required under 28 U.S.C. § 1292(b), the interlocutory order must "(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion," and the moving party must also show that "(3) an immediate appeal would materially advance the ultimate termination of the litigation." *Id*. The Order must satisfy "each of the three conditions for certification" to warrant an interlocutory appeal. *American Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 265 F. Supp. 2d 240, 249 (S.D.N.Y. 2003). "The statute must be strictly construed and only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Wausau Business Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). There are no exceptional circumstances here to warrant motion practice, let alone an interlocutory appeal.

  <u>No controlling question of law</u>. Other than *ipse dixit*, the Letter does not show that the Order satisfies the first statutory condition for an appeal. In fact, the Order involves no controlling question of law. The law is clear that "a question of contract interpretation typically is not a

DuaneMorris

The Honorable Andrew L. Carter, Jr.
October 13, 2020
Page 2

'controlling question of law' that serves as a basis for interlocutory appeal." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005) (citations omitted); *see also Certain Underwriters at Lloyd's, London v. Drennen*, 2020 WL 1816198, at *4 (S.D.N.Y. 2020); *Chenault v. General Motors LLC*, 2017 WL 698387, at *4 (S.D.N.Y. 2017). The *Aristrocrat Leisure* case, like this case, turned on the interpretation of a bond provision. This Court denied a motion for judgment on the pleadings based on its interpretation of the bonds. The Court refused to certify its contract interpretation for interlocutory appeal, citing a Judger Posner decision stating "that the question of a meaning of contract" is not within Section 1292(b)'s ambit. *Aristocrat Leisure*, 426 F. Supp. 2d at 128. This application of Section 1292(b) disposes of defendant's proposed motion, and forecloses the need for extensive motion practice on this issue.

*No substantial ground for difference of opinion*. Nor can defendant show there is a "substantial ground for difference of opinion" as required by the second statutory condition. "Substantial ground for a difference of opinion requires more than a claim that the court's ruling was wrong." *Mills v. Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009). "Nor, for that matter, does the fact that the parties themselves disagree as to the interpretation of persuasive authority constitute 'a difference of opinion' sufficient to warrant certification." *Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006). "Rather, this element may be met by a showing that (1) there is conflicting authority on an issue or (2) the case is particularly difficult and of first impression within this Circuit." *Mills*, 771 F. Supp. 2d at 274. Defendant has not shown either here.

There is no conflicting authority on the "No Action" clause interpretation that defendant seeks to appeal. The Order followed binding authority from the New York Court of Appeals in *Quadrant Structured Products. Co., Ltd. v. Vertin*, 23 N.Y.3d 549 (2014). In doing so, the Order determined that the clause at issue in this case was more like the clause at issue in *Quadrant*, and less like the clause in the subsequent Southern District of New York case that distinguished *Quadrant*, *see Penades v. Republic of Equador*, No. 15-cv-725, 2016 WL 5793412, at *3 (S.D.N.Y. Sept. 30, 2016). The *Penades* case is the only purported "conflicting authority" cited in the Letter, but the Order demonstrates that the Court concluded that *Penades* was not in conflict at all. To the contrary, the Order states that defendant's "argument is undercut by *Penades*." (Order at 8.)

At most, defendant takes issue with a matter of contract interpretation in the Order. But a dispute over the Court's reasonable contract interpretation "is insufficient to show 'substantial ground for difference of opinion' such that it would be appropriate for this Court to accept an appeal under 28 U.S.C. § 1292(b)." *Certain Underwriters at Lloyd's, London v. Drennen*, 2020 WL 1816198, at *4 (S.D.N.Y. 2020).

Nor is the interpretative question particularly difficult, let alone a matter of first impression. Certainly in the technical sense, every question before a court is a matter of first impression. *See In re Parmalat Secs. Litig.*, 599 F. Supp. 2d 535, 537 (S.D.N.Y. 2009). But the fact is, prior courts have set the parameters for interpretation of "No Action" clauses, and there is a host of New York precedent on the issue. The Order demonstrates that the Court carefully analyzed where this case

DuaneMorris

The Honorable Andrew L. Carter, Jr.
October 13, 2020
Page 3

falls within those parameters, navigated the precedent and determined the facts of this case to be controlled by binding authority from the New York Court of Appeals.  "At least in the absence of persuasive authority to the contrary, the Court [should] not regard the question as one as to which there is significant room for disagreement." *Id*.

     <u>*No material advance to the ultimate termination of litigation*</u>.  The Letter does not discuss the third statutory pre-requisite to an interlocutory appeal.  Because each condition must be met, defendant's silence on this condition is basis alone to deny any pre-motion conference request.  In any event, defendant cannot satisfy this third condition either.  It is not enough under Section 1292(b) that a different outcome on appeal could have the potential to result in dismissal of this case.  That is true for most motions filed under Rule 12 and Rule 56.  Interlocutory appeal "is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation, and is not intended as a vehicle to provide early review of difficult rulings in hard cases." *Mills*, 771 F. Supp. 2d at 273.  This is not an extraordinary case.  Indeed, the legal and factual issues are straightforward.  Discovery is moving forward.  (D.E. 40.)  Plaintiffs anticipate filing a motion for summary judgment well before the completion of any briefing in the Second Circuit.  Any appeal of the Order can wait the ordinary course.  *Cf. Garber*, 120 F. Supp. 3d at 339 ("It is *also* possible that an interlocutory appeal would delay the onset of trial, which is reason enough to deny certification.") (emphasis in original).

                                 Very truly yours,

                                 /s/ Anthony J. Costantini
                                 Anthony J. Costantini

AJC: dtm

cc:  Counsel of record
       **(VIA ECF)**

DM3\7107940.1