

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

*VIA ECF*

October 30, 2020

Hon. Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Lovati, et al. v. Petróleos de Venezuela, S.A.*
S.D.N.Y. Docket No. 1:19-cv-04799-DAB

Dear Judge Carter:

This firm represents defendant Petróleos de Venezuela, S.A. ("PDVSA") in the above-referenced action. We write to respectfully request a pre-motion conference in connection with PDVSA's contemplated motion, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings and dismissal of the Complaint of plaintiffs Sergio Lovati, Rudi Lovati, Alessandra Sarago Lovati, and Alessandra Lovati (together, "Plaintiffs") (Dkt. No. 1).

## Background

Plaintiffs commenced this action in May 2019. In their Complaint, Plaintiffs allege that PDVSA breached its obligation to make contractually-required interest payments on certain notes (the "Notes") issued by PDVSA, pursuant to an indenture (the "Indenture").[1] (Dkt. No. 1.) PDVSA appeared by moving to dismiss Plaintiffs' claims under Rule 12(b)(6) on the grounds that Plaintiffs' claims were barred by the Indenture's "no action clause," which bars individual suits for enforcement of the Indenture, among other grounds. (Dkt. No. 25.)

On September 30, 2020, this Court denied PDVSA's motion, finding that the no action clause in the Indenture did not bar this suit, which seeks enforcement of the Notes. (Dkt. No. 37.)[2] On October 23, 2020, pursuant to the joint scheduling order approved by this Court (Dkt. No. 40), PDVSA served and filed its Answer (Dkt. No. 42), which asserted affirmative defenses of lack of standing and lack of capacity to sue, among other defenses.

---

[1] A copy of the Indenture, which includes a copy of the form note, is attached as Exhibit A to the Complaint. (Dkt. No. 1-1.)

[2] On October 12, 2020, PDVSA requested permission to move to certify the denial of its motion to dismiss for interlocutory appeal. (Dkt. No. 39.)

\\NY - 708068/000630 - 10234174 v5

**Motion for Judgment on the Pleadings**

PDVSA respectfully requests permission to move under Rule 12(c), for judgment on the pleadings, and dismissal of Plaintiffs' Complaint. Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). "In deciding a motion for judgment on the pleadings under [Rule] 12(c), the Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party." *World Book, Inc. v. Internat'l Bus. Machines Corp.*, 354 F. Supp. 2d 451, 453 (S.D.N.Y. 2005) (citation omitted). A complaint should be dismissed under Rule 12(c) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *D'Alession v. N.Y. Stock Exchange,* 258 F.3d 93, 99 (2d Cir. 2001).

PDVSA submits that it is entitled to judgment on the pleadings and dismissal of the Complaint. As explained below, as alleged "owners" of the Notes, but not the registered "Holders" of the Notes, Plaintiffs lack standing to bring this suit.

The right to sue for non-payment of the Notes issued pursuant to the Indenture is reserved to "Holders." "'Holder' means "the Person in whose name a Note is registered on the registrar's books." (Indenture p. 5.) The Indenture provides that the "Depositary"[3] – as the **sole** registered Holder of the Global Note – is the "absolute owner and Holder" of the Notes issued pursuant to the Indenture "for all purposes." (Indenture §§ 2.02, 2.12(b)(3).)

Persons owning beneficial interests in the Notes – but who are not registered Holders of the Notes – have no rights under the Notes or Indenture. (Indenture § 2.12(b)(3).) Persons owning beneficial interests in the Notes "must rely on the procedures of the Depositary . . . to exercise any rights of a Holder of Notes under this Indenture or such Global Note." (Indenture § 2.07.) Beneficial owners cannot take action as "Holders" unless expressly authorized by the Depositary or the Depositary's nominee. (Indenture § 2.12(b)(3).)

Here, Plaintiffs allege that they are each *owners* of Notes issued pursuant to the Indenture.[4] (Compl. ¶¶ 11.a., 12.a., 13.a., 14.a.) Their alleged status as owners is insufficient to confer standing to bring this breach of contract suit. As explained above, persons who are beneficial owners, but not registered "Holders," are not entitled to enforce the Notes or Indenture without express authorization by the Depositary or its nominee. Plaintiffs do not, and cannot, allege that they are registered "Holders." Nor do they allege that they received authorization from the Depositary or its nominee to bring this suit.

For these reasons, PDVSA is entitled to judgment on the pleadings under Rule 12(c) and dismissal of the Complaint. *See, e.g.*, *Springwell Navigation Corp. v. Sanluis Corporacion, S.A.*, 46 A.D.3d 377, 849 N.Y.S.2d 34, 34 (N.Y. App. Div. 1st Dep't 2007) (finding that plaintiff – who was not registered holder of note – had no right to sue under indenture agreement or note itself); *MacKay Shields LLC v. Sea Containers, Ltd.*, 300 A.D.2d 165, 166, 751 N.Y.S.2d 485, 486 (N.Y. App. Div. 1st

---

[3]   Under the Indenture, Notes were initially issued in the form of a Global Note, registered in the name of the "Depositary," The Depository Trust Company, through its nominee, Cede & Co. (Indenture §§ 2.03, 2.12(b)(1), pp. 3-4.) "So long as the Depositary or its nominee is the registered owner of a Global Note, the Depositary or such nominee, as the case may be, will be considered the sole owner or Holder represented by the Global Note for all purposes under this Indenture." (Indenture § 2.07.)

[4]   Although Plaintiffs purport to bring this suit for enforcement of the Notes, rather than the Indenture, Plaintiffs do not attach copies of the Notes to the Complaint or explain when and how they became "owners" of the Notes. *See Standing*, 4D N.Y. Prac., Com. Litig. in New York State Courts § 100:53 (5th ed.) ("If the instrument is not payable to the plaintiff, the plaintiff will have to allege and prove its entitlement to enforce the instrument or the circumstances under which it acquired the instrument." (collecting cases)).

Dep't 2002) ("Inasmuch as it is undisputed that plaintiffs are not registered holders, they are without standing to sue, regardless of whether they are beneficial holders."); *see also Sudarsan v. Seventy Seven Energy Inc.*, 17 Civ. 2342 (GBD) (GWG), 2018 WL 1088004, at *4 (S.D.N.Y. Feb. 6, 2018) ("Nowhere in the Complaint does Plaintiff allege that a warrant is registered under his name in the Warrant Register. As a result, Plaintiff is exactly the type of third party whom the parties intended to exclude from enforcing the Warrant Agreement, and who, in turn, lacks standing to sue Defendants.").

## Conclusion

For the foregoing reasons, PDVSA respectfully requests that the Court schedule a pre-motion conference in connection with its contemplated motion for judgment on the pleadings.

Respectfully yours,
/s/ Robin L. Muir
Robin L. Muir

Senior Associate
robin.muir@hoganlovells.com
D 212 918 3264