| | | |
|---|---|---|
| NEW YORK | **Duane Morris** | ATLANTA |
| LONDON | | BALTIMORE |
| SINGAPORE | | WILMINGTON |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | MIAMI |
| CHICAGO | | BOCA RATON |
| WASHINGTON, DC | | PITTSBURGH |
| SAN FRANCISCO | ANTHONY J. COSTANTINI | NEWARK |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1032 | LAS VEGAS |
| SAN DIEGO | PERSONAL FAX: +1 212 202 4715 | CHERRY HILL |
| SHANGHAI | E-MAIL: AJCostantini@duanemorris.com | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | www.duanemorris.com | OMAN |
| LOS ANGELES | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |
| | | SRI LANKA |
| | | ALLIANCE WITH |
| | | GOWERS INTERNATIONAL |

November 5, 2020

**VIA ECF**

Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Lovati et al. v. Petroleos de Venezuela, S.A.*, 19-Civ-04799-AJC

Your Honor:

      We represent plaintiffs in in the above-captioned litigation. We write in response to defendant's October 30, 2020 letter (D.E. 43) requesting a pre-motion conference in advance of filing a Rule 12(c) motion for judgment on the pleadings. For the reasons stated below, we think such a conference unnecessary.

      First, defendant's proposed motion relies on the Indenture cited in and attached to paragraph 1 of the Complaint despite the fact that defendant's Answer "denied the allegations contained in paragraph 1 of the complaint." It strikes us as incongruous that, for purposes of its proposed motion, the movant is relying on a document that it has disavowed in its Answer to our Complaint.

      Correcting this incongruity, however, will not solve the problem. Defendant's letter recognizes that bondholders can bring suit if authorized to do so by the depository or its nominee. Attached to this letter is just such an authorization from the depository's nominee – Cede & Co. – for the bonds that are subject of the Complaint. The enclosed authorization is sufficient to withstand defendant's objection. *See, e.g., Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242 (2d Cir 2005).

      While plaintiffs certainly could amend the Complaint to add the authorization, we think it would be a waste of time and energy to do so. Indeed, the Second Circuit did not require amendment in the analogous *Applestein* case.

The Honorable Andrew L. Carter, Jr.
November 5, 2020
Page 2

      We therefore respectfully request that the Court deny defendant's request for a pre-motion conference.

                              Respectfully submitted,

                              s/ Anthony J. Costantini
                              Anthony J. Costantini

AJC: dtm

cc:   Counsel of record
       **(VIA ECF)**