UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGIO LOVATI, RUDI LOVATI, ALESSANDRA SARAGO LOVATI, AND ALESSANDRA LOVATI,<br><br>          Plaintiffs,<br><br>    v.<br><br>PETRÓLEOS DE VENEZUELA, S.A.,<br><br>          Defendant. | Docket No.: 1:19-cv-04799-ALC |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PETRÓLEOS DE VENEZUELA, S.A.'S MOTION FOR JUDGMENT ON THE PLEADINGS

HOGAN LOVELLS US LLP
Dennis H. Tracey, III
Richard C. Lorenzo
Robin L. Muir
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
dennis.tracey@hoganlovells.com
richard.lorenzo@hoganlovells.com
robin.muir@hoganlovells.com

*Counsel for Defendant Petróleos de Venezuela, S.A.*

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ................................................................................................. 2

ARGUMENT ..................................................................................................... 4

     I.      RELEVANT LEGAL AUTHORITY ....................................................4

           A.     Motion for Judgment on the Pleadings .......................................4

           B.     Doctrine of Standing ..............................................................5

     II.     PDVSA IS ENTITLED TO JUDGMENT ON THE PLEADINGS
               BECAUSE PLAINTIFFS LACK STANDING TO SUE UNDER
               THE NOTES. ......................................................................6

           A.     Standing Under the Notes ........................................................6

           B.     As Beneficial Owners, But Not Registered
                "Holders," Plaintiffs Lack Standing to Sue Under
                the Notes. .........................................................................6

           C.     Plaintiffs' Post-Commencement Receipt of
                Authorization Does Not Cure Their Lack of
                 Standing. ...........................................................................7

           D.     Plaintiffs' Authorization is Limited to the Amount
                of their Respective Beneficial Ownership. .................................10

     III.    PLAINTIFFS CANNOT CURE THEIR STANDING DEFECT
               THROUGH THEIR PROPOSED "AMENDED" COMPLAINT. .......................10

CONCLUSION .................................................................................................. 12

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*,
  415 F.3d 242 (2d Cir. 2005)............................................................................................8, 9

*Carter v. HealthPort Techs., LLC*,
  822 F.3d 47 (2d Cir. 2016)............................................................................................5, 11

*Comer v. Cisneros*,
  37 F.3d 775 (2d Cir. 1994)..................................................................................................5

*Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*,
  No. 12 Civ. 9351(JPO), 2013 WL 3762882 (S.D.N.Y. July 18, 2013) ...................................8

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l*,
  790 F.3d 411 (2d Cir. 2015)................................................................................................5

*D'Alessio v. N.Y. Stock Exch.*,
  258 F.3d 93 (2d Cir. 2001)..................................................................................................5

*Genesis Healthcare Corp. v. Symczyk*,
  569 U.S. 66 (2013)..............................................................................................................5

*Jackson-Bey v. Hanslmaier*,
  115 F.3d 1091 (2d Cir. 1997)..............................................................................................5

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555, 112 S. Ct. 2130 (1992)..................................................................................8

*MacKay Shields LLC v. Sea Containers, Ltd.*,
  300 A.D.2d 165, 751 N.Y.S.2d 485 (1st Dep't 2002) .............................................................7

*Mellon Bank, N.A. v. United Bank Corp. of N.Y.*,
  31 F.3d 113 (2d Cir. 1994)..................................................................................................9

*Nastasi & Assocs., Inc. v. Bloomberg, L.P.*,
  No. 18-CV-12361 (JMF), 2020 WL 2555281 (S.D.N.Y. May 20, 2020) ..........................8, 12

*Sharehold Representative Servs. LLC v. Sandoz Inc*.,
  No. 12 Civ. 6154, 2013 WL 4015901 (S.D.N.Y. Aug. 7, 2013) ...........................................12

*Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG*,
  409 F. Supp. 3d 261 (S.D.N.Y. 2019)..............................................................................5, 12

*Springwell Navigation Corp. v. Sanluis Corporacion, S.A.*,
    46 A.D.3d 377, 849 N.Y.S.2d 34 (1st Dep't 2007) ...........................................................7, 13

*Sudarsan v. Seventy Seven Energy Inc.*,
    No. 17 Civ. 2342 (GBD) (GWG), 2018 WL 1088004 (S.D.N.Y. Feb. 6, 2018)....................12

*United States v. Vazquez*,
    145 F.3d 74 (2d Cir. 1998)...........................................................................................5

*Warth v. Seldin*,
    422 U.S. 490 (1975)....................................................................................................5

*World Book, Inc. v. Int'l Bus. Mach.*,
    354 F. Supp. 2d 451 (S.D.N.Y. 2005)...........................................................................4

**Statutes**

Federal Rules of Civil Procedure Rule 12(c)..........................................................................4, 7

Federal Rules of Civil Procedure Rule 15(d)..........................................................................10

Defendant Petróleos de Venezuela, S.A. ("PDVSA") submits this memorandum of law in support of its motion, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), for judgment on the pleadings and dismissal of the Complaint of plaintiffs Sergio Lovati, Rudi Lovati, Alessandra Sarago Lovati, and Alessandra Lovati (together, the "Plaintiffs").

## PRELIMINARY STATEMENT

This Court should grant PDVSA's motion for judgment on the pleadings and dismiss the Complaint because Plaintiffs lack standing to bring this suit.  Plaintiffs, as persons owning beneficial interests in the notes – but who are not registered "holders" of the notes – cannot sue for non-payment of the notes, unless authorized by the registered holder.  Nowhere in the Complaint did Plaintiffs allege that they received the requisite authorization to bring this suit.  For this reason, in October 2020, PDVSA requested permission to move for judgment on the pleadings on the basis that Plaintiffs lack standing.

Plaintiffs opposed PDVSA's request, and alleged, for the first time, that they did, in fact, receive the requisite authorization to bring this suit.  As proof of that authorization, Plaintiffs attached a letter from the registered holder dated June 2, 2020 (the "June 2 Letter"), which purports to authorize Sergio Lovati, Rudi Lovati, and Alessandra Lovati (but not plaintiff, Alessandra Sarago Lovati) to enforce the notes to the extent of their respective beneficial ownership interests. Plaintiffs further disclosed, that although the Complaint names four plaintiffs, there actually are only three plaintiffs, and that plaintiff Alessandra Sarago Lovati is the same person as Alessandra Lovati.

Contrary to Plaintiffs' contention, the June 2 Letter does not cure their standing defect. First, because standing is assessed at the time the action is commenced, Plaintiffs' post-commencement authorization is ineffective to retroactively confer standing on Plaintiffs.  Second, the June 2 Letter, even if it were applied retroactively, would not provide proper authorization.

1

Among other things, the Complaint alleges that Alessandra Sarago Lovati owns $19,470,000 of PDVSA notes, but the June 2 Letter authorizes Ms. Lovati to exercise rights only with respect to $55,000 of notes.  Thus, at the very least, Ms. Lovati's claim for unpaid interest on $19,470,000 in principal must be dismissed for lack of standing.

After conferring with Plaintiffs' counsel regarding these material defects, Plaintiffs proposed amendments to the Complaint, which included the June 2 Letter.  The proposed Amended Complaint, however, does not fix Plaintiffs' lack of standing.  The proposed Amended Complaint fails to adequately allege that as of the date that the action was commenced, each Plaintiff had: (1) a legal ownership interest in the notes, and (2) the requisite authority to sue.  Its filing is therefore futile.  Accordingly, PDVSA has declined to consent to Plaintiffs' filing of the proposed Amended Complaint and is proceeding with this motion for judgment on the pleadings.

PDVSA respectfully submits that this Court should grant PDVSA's motion for judgment on the pleadings in its entirety, dismiss the Complaint, and grant such other and further relief to PDVSA as it deems just and proper.

## **BACKGROUND**

### I.  **The Underlying Indenture and Notes**

In this action, Plaintiffs seek to recover interest payments allegedly due under certain notes (the "Notes"), issued pursuant to an indenture dated November 7, 2011 (the "Indenture") by PDVSA.  (Compl. ¶ 1.)  The Complaint alleges that Sergio Lovati is the beneficial owner of $17,965,000.00 in principal of the Notes (Compl. ¶ 11.a); that Rudi Lovati is the beneficial owner of $17,965,000.00 in principal of the Notes (Compl. ¶ 12.a); that Alessandra Sarago Lovati is the beneficial owner of $19,470,000.00 in principal of the Notes (Compl. ¶ 13.a); and that Alessandra Lovati is the beneficial owner of $55,000.00 in principal of the Notes (Compl. ¶ 14.a).

## II. Procedural History

Plaintiffs commenced this action in May 2019 and claim that PDVSA breached its obligation to make contractually-required interest payments due under the Notes.  (Dkt. No. 1.) PDVSA appeared by moving to dismiss Plaintiffs' claims under Rule 12(b)(6) on the grounds that Plaintiffs' claims were barred by the Indenture's "no action clause," which bars individual suits for enforcement of the Indenture, among other grounds.  (Dkt. No. 25.)

On September 30, 2020, this Court denied PDVSA's motion, finding that the no action clause in the Indenture did not bar this suit because it seeks enforcement of the Notes, not the Indenture.  (Dkt. No. 37.)  On October 11, 2020, PDVSA requested leave to move to certify the Court's September 30 order for immediate appeal pursuant to 28 U.S.C. § 1292(b).  (Dkt. No. 39.) That request is pending.

On October 23, 2020, pursuant to the joint scheduling order approve by this Court (Dkt. No. 40), PDVSA served and filed its Answer (Dkt. No. 42), which asserted affirmative defenses of lack of standing and lack of capacity to sue, among other defenses.

On October 30, 2020, PDVSA asked this Court for permission to move for judgment on the pleadings on the basis that Plaintiffs lack standing to bring this suit because persons owning beneficial interests in the Notes – but who are not registered Holders of the Notes – cannot sue for non-payment of the Notes, unless expressly authorized by the registered Holder.  (Dkt. No. 43.) Plaintiffs opposed PDVSA's request and, although not alleged in the Complaint, represented that they had, in fact, received the requisite authorization to bring this suit.  (Dkt. No. 45.)  As proof of that authorization, Plaintiffs attached the June 2 Letter, which purports to authorize Sergio Lovati, Rudi Lovati, and Alessandra Lovati to enforce the Notes, but "solely to the extent that the Notes

are beneficially owned by such Beneficial Owner", and identifying the specific Beneficial Owners and Note amounts to which the authorization applied  (Dkt. No. 45-1.)

On November 9, 2020, over Plaintiffs' opposition, this Court granted PDVSA's request to make this motion for judgment on the pleadings.  (Dkt. No. 46.)

On November 17, 2020, Plaintiffs proposed to PDVSA that they amend their Complaint and circulated a proposed Amended Complaint for PDVSA's review and consideration (attached as Exhibit 1).   Among other modifications, the proposed Amended Complaint eliminates Alessandra Sarago Lovati as a plaintiff and adds allegations regarding the June 2 Letter.  The proposed Amended Complaint also alleges that after the action was commenced, Alessandra Sarago Lovati transferred her ownership interest of $19,470,000.00 to Rudi Lovati.  The proposed Amended Complaint includes no allegation that would support a finding of authorization to file the Complaint at the time of commencement of this action.

Because the Amended Complaint does not cure Plaintiffs' standing defects, PDVSA declined to consent to Plaintiffs' filing of the Amended Complaint and is proceeding with this motion for judgment on the pleadings.

## <u>ARGUMENT</u>

### I.    RELEVANT LEGAL AUTHORITY

#### A.    Motion for Judgment on the Pleadings

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  "In deciding a motion for judgment on the pleadings under [Rule] 12(c), the Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party."  *World Book, Inc. v. Int'l Bus. Mach.s Corp.*, 354 F. Supp. 2d 451, 453 (S.D.N.Y. 2005) (citation omitted).  A complaint should be dismissed under Rule 12(c) if "it appears beyond doubt that the plaintiff can

4

prove no set of facts in support of his claim which would entitle him to relief." *D'Alessio v. N.Y. Stock Exch.,* 258 F.3d 93, 99 (2d Cir. 2001). "When standing is challenged on the basis of the pleadings, we 'accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *United States v. Vazquez*, 145 F.3d 74, 81 (2d Cir. 1998) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). As explained below, PDVSA is entitled to judgment on the pleadings because Plaintiffs lack standing to bring this suit.

### B.    Doctrine of Standing

"Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'" *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). "For an action to be deemed a case or controversy, plaintiffs must establish that they have standing to sue—a standard requiring that plaintiffs suffer an injury-in-fact that is fairly traceable to defendants' conduct and likely redressable by the court's ruling." *Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG*, 409 F. Supp. 3d 261, 266 (S.D.N.Y. 2019) (citations omitted). In addition, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197 (1975)). Standing "must exist at the commencement of the litigation." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016); *accord Comer v. Cisneros*, 37 F.3d 775, 787 (2d Cir. 1994) (standing is "assessed as of the time the lawsuit is brought"). The plaintiff bears the burden "of alleging facts that affirmatively and plausibly suggest that it has standing to sue." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l*, 790 F.3d 411, 417 (2d Cir. 2015); *accord Jackson-Bey v. Hanslmaier*, 115 F.3d 1091, 1095-96 (2d Cir. 1997) ("Plaintiff bears the burden of alleging sufficient facts to support standing . . . .").

## II.     PDVSA IS ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE PLAINTIFFS LACK STANDING TO SUE UNDER THE NOTES.

This Court should grant PDVSA's motion for judgment on the pleadings and dismiss the Complaint.  As explained below, as alleged "owners" of the Notes, who are not registered "Holders" of the Notes, and who did not have authorization to bring this suit at the time of commencement, Plaintiffs lack standing.

### A.     Standing Under the Notes

The legal right to sue for non-payment of the Notes issued pursuant to the Indenture is reserved to "Holders."  A "Holder" means "the Person in whose name a Note is registered on the registrar's books."  (Indenture p. 5.)  The Indenture provides that the "Depositary"[1] – as the sole registered Holder of the Global Note – is the "absolute owner and Holder" of the Notes issued pursuant to the Indenture "for all purposes."  (Indenture §§ 2.02, 2.12(b)(3).)

Persons owning beneficial interests in the Notes – but who are not registered Holders of the Notes – have no rights under the Notes or Indenture.  (Indenture § 2.12(b)(3).)  Persons owning beneficial interests in the Notes "must rely on the procedures of the Depositary . . . to exercise any rights of a Holder of Notes under this Indenture or such Global Note."   (Indenture § 2.07.)  Beneficial owners cannot take action as "Holders" unless expressly authorized by the Depositary or the Depositary's nominee.  (Indenture § 2.12(b)(3).)

---

[1]     The Notes were initially issued in the form of a Global Note, registered in the name of the "Depositary," The Depository Trust Company, through its nominee, Cede & Co.  (Indenture §§ 2.03, 2.12(b)(1), pp. 3-4.)  "So long as the Depositary or its nominee is the registered owner of a Global Note, the Depositary or such nominee, as the case may be, will be considered the sole owner or Holder represented by the Global Note for all purposes under this Indenture."  (Indenture § 2.07.)

**B.     As Beneficial Owners, But Not Registered "Holders," Plaintiffs Lack Standing to Sue Under the Notes.**

Here, Plaintiffs allege that they are each owners of Notes issued pursuant to the Indenture. (Compl. ¶¶ 11.a., 12.a., 13.a., 14.a.)   Their alleged status as owners is insufficient to confer standing to bring this breach of contract suit.   As explained above, persons who are beneficial owners, but not registered "Holders," are not entitled to enforce the Notes or Indenture without express authorization by the Depositary or its nominee.   Plaintiffs do not, and cannot, allege that they are registered "Holders."   Nor do they allege in the Complaint that, at the time of commencement, they had received authorization from the Depositary or its nominee to bring this suit.

For these reasons, PDVSA is entitled to judgment on the pleadings under Rule 12(c) and dismissal of the Complaint.   *See, e.g.*, *Springwell Navigation Corp. v. Sanluis Corporacion, S.A.*, 46 A.D.3d 377, 849 N.Y.S.2d 34, 34 (N.Y. App. Div. 1st Dep't 2007) (finding that plaintiff – who was not registered holder of note – had no right to sue under indenture agreement or note itself); *MacKay Shields LLC v. Sea Containers, Ltd.*, 300 A.D.2d 165, 166, 751 N.Y.S.2d 485, 486 (N.Y. App. Div. 1st Dep't 2002) ("Inasmuch as it is undisputed that plaintiffs are not registered holders, they are without standing to sue, regardless of whether they are beneficial holders.").

**C.     Plaintiffs' Post-Commencement Receipt of Authorization Does Not Cure Their Lack of Standing.**

Following PDVSA's request for permission to make this motion, Plaintiffs, for the first time, contend that they have, in fact, received the requisite authorization to bring this suit, albeit well after the suit was commenced.   (Dkt. No. 45.)   As proof of their alleged authorization, Plaintiffs attached the June 2 Letter in which Cede & Co. authorizes Sergio Lovati, Rudi Lovati, and Alessandra Lovati, "each, a 'Beneficial Owner,'" "solely to the extent that the Notes are beneficially owned by such Beneficial Owner, to take any and all actions and exercise any and all

7

rights and remedies that Cede & Co. as the holder of record of such Notes is entitled to take." (Dkt. No. 45-1.)

Contrary to Plaintiffs' assertion, this authorization dated June 2, 2020 – over one year after this action was commenced – does not cure their lack of standing. This is because standing "is to be determined as of the commencement of suit." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570, 112 S. Ct. 2130, 2142 n.5 (1992). A plaintiff who did not have a legal right to assert a claim at commencement, therefore, cannot cure that standing defect post-commencement. *See, e.g.*, *Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, No. 18-CV-12361 (JMF), 2020 WL 2555281, at *3 (S.D.N.Y. May 20, 2020) (standing is assessed at commencement and "[t]hus, joining or substituting the Trust at this point cannot cure [plaintiff]'s lack of standing at the case's inception" (citations omitted); *Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 12 Civ. 9351(JPO), 2013 WL 3762882, at *3 (S.D.N.Y. July 18, 2013) (rejecting plaintiff's attempt to cure standing defect, after commencement, by obtaining authorization through new agreement).

Plaintiffs' reliance on *Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242 (2d Cir. 2005) – for the proposition that obtaining authorization to bring suit after commencement is sufficient to confer standing (Dkt. No. 45) – is misplaced. No such holding was reached in that case.

The plaintiff in *Applestein* sought to recover payments due under a note that was issued pursuant to an indenture, which, like the Indenture here, required any beneficial note owner – who was not the registered holder – to obtain authorization ***before*** bringing suit. *See Applestein*, 415 F.3d at 243-44. The defendant did not assert lack of standing as an affirmative defense and conceded to the district court at oral argument that that permission was effective to confer standing.

*See id.* at 244.   Then, on appeal, the defendant for the first time argued that such permission is ineffective because it was obtained ***after*** the action was commencement.  *See id.* at 245.

The Second Circuit affirmed the district court's award of summary judgment and found that defendant's argument "[was] not a persuasive basis on which to reverse" for several reasons. *See id.*  The Court first reasoned that the defendant waived lack of capacity to sue when it failed to raise it as an affirmative defense in its answer.  *See id.*  The Court further found that the defendant waived the specific argument that the plaintiff's post-commencement permission was ineffective by not raising it at oral argument before the district court.  *See id.* at 246.  The Court explained that it considers "new argument[s] on appeal only when necessary to avoid manifest injustice," *Mellon Bank, N.A. v. United Bank Corp. of N.Y.*, 31 F.3d 113, 116 (2d Cir. 1994) (internal quotation marks omitted), and found "no such 'injustice' in refusing to consider the argument for the first time here."  *Id.*  Although the Court "affirm[ed] the district court's judgment on the ground that [the plaintiff] obtained, as provided in the notes' Offering Memorandum, permission to sue from the registered holder," in doing so, it did ***not*** find that the plaintiff's post-commencement authorization was effective to confer standing, as Plaintiffs suggest.  *See id.* at 245-46.

Here, PDVSA asserted lack of standing and lack of capacity to sue as affirmative defenses in its Answer and now moves for judgment on the pleadings on basis that Plaintiffs lack standing because they had not obtained the requisite authorization prior to commencing this action.  Thus, in contrast to *Applestein*, PDVSA has not waived its objection to the effectiveness of Plaintiffs' authorization to bring suit.  And, as previously explained, because standing is assessed at the time the action is commenced, Plaintiffs' post-commencement authorization is ineffective to cure their

standing defect.  For this reason, this Court should grant PDVSA's motion for judgment on the pleadings and dismiss the Complaint.

      **D.**     **Plaintiffs' Authorization is Limited to the Amount of their Respective Beneficial Ownership.**

Even if this Court finds that the June 2 Letter from Cede & Co. is effective authorization, the claim of Alessandra Sarago Lovati for unpaid interest on $19,470,000.00 in principal should be dismissed because the June 2 Letter does not authorize that claim.  The June 2 Letter authorizes Sergio Lovati, Rudi Lovati, and Alessandra Lovati, "each, a 'Beneficial Owner,'" "to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of such Notes is entitled to take."  (Dkt. No. 45-1.)  Significantly, Exhibit 1 to the June 2 Letter identifies Alessandra Lovati as a "Beneficial Owner" of only $55,000.00 in principal.  (Dkt. No. 45-1, Ex. 1.)  The authorization in the June 2 Letter is expressly limited to the amounts set forth therein, and does not authorize Ms. Lovati to bring suit to recover unpaid interest on the $19,470,000.00 alleged in paragraph 14.s of Complaint.  Accordingly, the claim of Ms. Lovati with respect to $19,470,000 of Notes must be dismissed.

**III.**    **PLAINTIFFS CANNOT CURE THEIR STANDING DEFECT THROUGH THEIR PROPOSED "AMENDED" COMPLAINT.**

PDVSA declined to consent to Plaintiffs' filing of an Amended Complaint[2] because such filing would be futile.  The proposed Amended Complaint does not adequately allege that Plaintiffs have standing to sue and specifically, that on May 23, 2019, the date that this action was

---

[2]    Although characterized as an "amended" pleading, Plaintiffs' Amended Complaint also adds new allegations of facts that occurred after the action was commenced, and therefore, qualifies as supplemental pleading that requires leave of the Court.  *See* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

commenced, that each Plaintiff had: (1) a legal ownership interest in the Notes, and (2) the requisite authority to sue.

The Amended Complaint alleges: "On *June 2, 2020*, Sergio Lovati was the Beneficial Owner of $17,965,000.00 principal amount of Notes . . . ."  (Am. Compl. ¶ 11.a.)  It further alleges that "On *June 2, 2020*, Alessandra Lovati was the Beneficial Owner of $55,000.00 principal amount of Notes . . . ."  (Am. Compl. ¶ 13.a.)

With respect to the interests Rudi Lovati and Alessandra Sarago Lovati (who, Plaintiffs now allege is the same person as Alessandra Lovati), the Amended Complaint alleges:

> On May 23, 2019, Rudi Lovati was the Beneficial Owner of $17,965,000.00 principal amount of Notes, and Alessandra Sarago Lovati was the Beneficial Owner of $19,470,000.00 principal amount of Notes . . . .  On or about December 8, 2019, Alessandra Sarago Lovati transferred said $19,470,000.00 principal amount of Notes to Rudi Lovati, making him the Beneficial Owner of $37,435,000.00 principal amount of Notes as of *June 2, 2020*.

(Am. Compl. ¶ 12.a.)

The Amended Complaint further alleges:

> On *June 2, 2020*, Cede & Company, as nominee of the Depository Trust Company authorized Plaintiffs, as Beneficial Owners of the Notes due 2021, CUSIP No. P7807HAP0, "to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of such Notes is entitled to take . . . under the terms of the Notes, the related guarantees, the related indenture, and any other controlling document."

(Am. Compl. ¶ 8.)

These allegations, however, do not plausibly allege that, at the time of commencement of the action, any of the Plaintiffs had both an ownership interest in the Notes and authorization from Cede & Co. to bring this suit,  as required to confer standing.  As previously explained, standing "must exist at the commencement of the litigation."  *Carter*, 822 F.3d at 55.  Allegations relating to Plaintiffs' ownership interests and authorization as of June 2, 2020 are insufficient to establish standing in an action that was commenced on May 23, 2019.  Thus, the Amended Complaint not

only fails to cure the lack of authorization defect explained above, but it also has a new defect – it fails to allege that each Plaintiff had an ownership interest at the time the action was commenced.[3]

In addition to all of the other material defects set forth above, the proposed Amended Complaint does not even allege that the Plaintiffs *currently* own Notes in *any amount.*  Although the proposed Amended Complaint alleges the Plaintiffs' holdings as of June 2, 2020, it fails to allege the Plaintiffs' current holdings – yet another fundamental defect in pleading.  Absent clear and specific pleading of the Plaintiffs' current interests in the Notes, the Amended Complaint fails to state a cause of action for collection on such Notes, and must be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should grant PDVSA's motion for judgment on the pleadings, dismiss the Complaint, and grant such other and further relief to PDVSA as it deems just and proper.

---

[3]   Courts routinely deny motions for leave to amend when the amended pleading fails to cure a defect in standing.  *See, e.g.*, *Nastasi & Assocs., Inc*., 2020 WL 2555281, at *3 ("In this case, leave to amend is not warranted because Nastasi failed to request leave in its Opposition, and because amendment would be futile given Nastasi's failure twice now to prove that it in fact has standing." (citations omitted)); *Sonterra Capital Master Fund Ltd*., 409 F. Supp. at 270 (plaintiff cannot amend complaint to cure standing defect); *Sudarsan v. Seventy Seven Energy Inc*., No. 17 Civ. 2342 (GBD) (GWG), 2018 WL 1088004, at *8 (S.D.N.Y. Feb. 6, 2018) (granting defendants' motion to strike plaintiff's amended complaint because it was filed without leave of court and any motion for leave to amend would have been denied as futile because "aside from the conclusory allegations that Plaintiff is a Registered Holder, Plaintiff's Amended Complaint does nothing to remedy Plaintiff's lack of standing"); *Sharehold Representative Servs. LLC v. Sandoz Inc*., No. 12 Civ. 6154, 2013 WL 4015901, at *7-8 (S.D.N.Y. Aug. 7, 2013) (rejecting suggestion that Rule 15 or 17 could be used to cure standing defects in existence when suit was filed).

Dated: December 1, 2020

                                        Respectfully submitted,

                                        HOGAN LOVELLS US LLP

                       By: /s/  Dennis H. Tracey, III
                                        Dennis H. Tracey, III
                                        Robin L. Muir
                                    390 Madison Avenue
                                    New York, NY 10017
                                    Tel: (212) 918-3000
                                    Fax: (212) 918-3100
                                    dennis.tracey@hoganlovells.com
                                    robin.muir@hoganlovells.com

                                    *Counsel for Defendant Petróleos de Venezuela, S.A.*