

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

*VIA ECF*

December 8, 2020

Hon. Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Lovati, et al. v. Petróleos de Venezuela, S.A.*
      S.D.N.Y. Docket No. 1:19-cv-04799-DAB
      Response to Plainitffs' Request for Leave to File Amended Complaint

Dear Judge Carter:

This firm represents defendant Petróleos de Venezuela, S.A. ("PDVSA") in the above-referenced action.

Pursuant to this Court's December 7, 2020 order (Dkt No. 52), we write in response to the letter filed by counsel for plaintiffs Sergio Lovati, Rudi Lovati, Alessandra Sarago Lovati, and Alessandra Lovati (together, "Plaintiffs") on December 4, 2020 (Dkt. No. 51) regarding Plaintiffs' request for a pre-motion conference in connection with their contemplated motion to amend the Complaint. As explained below, Plaintiffs' proposed amendment is futile and does not cure the standing issue that is the basis of PDVSA's motion for judgment on the pleadngs.

## Plaintiffs' proposed amendment is futile.

The proposed Amended Complaint does not adequately allege that Plaintiffs have standing to sue and specifically, that on May 23, 2019, the date that this action was commenced, each Plaintiff had a legal ownership interest in the notes. Rather, the Amended Complaint alleges Plaintiffs' ownership interests as of June 2, 2020, over one year ***after*** this action was commenced.

Such allegations are insufficient to establish standing in an action that was commenced on May 23, 2019. Courts routinely grant motions to dismiss where the complaint fails to adequately allege that the plaintiff had a cognizable interest in its claims at the time of commencement. *See, e.g.*, *MSP Recovery Claims, Series LLC v. Tech. Ins. Co., Inc.*, 18 Civ. 8036 (AT), 2020 WL 91540, at *3 (S.D.N.Y. Jan. 8, 2020) (granting motion to dismiss for lack of standing because plaintiffs failed to adequately allege that they had been assigned right to bring claims); *Hirsch v. Qingdao Orien Commercial Equipment Co., Ltd.*, No. 12-CV-952 (RRM), 2015 WL 1014352, at *11 (E.D.N.Y. March 6, 2015) ("Because Hirsch therefore lacked any interest in his causes of action against the Doran defendants upon filing this lawsuit, he did not have standing to sue those defendants."); *Blakely v. Cardozo*, No. 07 Civ. 3951 DLC, 2007 WL 2702241, at *3 (S.D.N.Y. Sept. 17, 2007) (granting motion to dismiss for lack of standing when plaintiff had no legal interest in claims).

Further, although the proposed Amended Complaint alleges the Plaintiffs' holdings as of June 2, 2020, it fails to allege Plaintiffs' current ownership interests – yet another fundamental defect in pleading. Absent clear and specific pleading of Plaintiffs' current interests in the notes, the Amended Complaint fails to state a cause of action for collection on such notes. *See Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Assoc.*, 898 F.3d 243, 253 (2d Cir. 2018)("Because BNYM—not the NGN Trusts—currently possesses the claims, NCUA Liquidating Agent cannot bring the claims derivatively on behalf of the NGN Trusts.").

For these reasons, Plaintiffs' proposed amendment is futile and their request for leave to amend should be denied. Moreover, as further explained below, Plaintiffs did not have the requisite authorization to bring suit at the time of commencement and therefore, notwithstanding their proposed amendment, their claims should be dismissed.

**PDVSA's motion for judgment on the pleadings is *not* moot.**

Without regard to Plaintiffs' proposed amendment, PDVSA is entitled to judgment on the pleadings because Plaintiffs did not have the authorization to bring this suit at the time that they commenced this action. Plaintiffs, as persons owning beneficial interests in the notes – but who are not registered "holders" of the notes – cannot sue for non-payment of the notes, unless authorized by the registered holder.

Plaintiffs do not dispute that authorization from the registered holder is necessary to bring suit. Rather, Plaintiffs contend that they obtained the requisite authorization in June 2020, over one year after they commenced this action. As proof of that authorization, Plaintiffs attached a letter from the registered holder dated June 2, 2020 (the "June 2 Letter"), which purports to authorize Sergio Lovati, Rudi Lovati, and Alessandra Lovati (but not plaintiff, Alessandra Sarago Lovati) to enforce the notes to the extent of their respective beneficial ownership interests.

Contrary to Plaintiffs' contention, the June 2 Letter does not cure their standing defect. Because standing is assessed at the time the action is commenced, Plaintiffs' post-commencement authorization is ineffective to retroactively confer standing on Plaintiffs. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) (standing "must exist at the commencement of the litigation"). A plaintiff who did not have a legal right to assert a claim at commencement, therefore, cannot cure that standing defect post-commencement. *See, e.g.*, *Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, No. 18-CV-12361 (JMF), 2020 WL 2555281, at *3 (S.D.N.Y. May 20, 2020) (standing is assessed at commencement and "[t]hus, joining or substituting the Trust at this point cannot cure [plaintiff]'s lack of standing at the case's inception" (citations omitted); *Hirsch*, 2015 WL 1014352, at *11 ("[plaintiff] cannot manufacture standing retroactively if none existed when he commenced this action . . . ." (collecting cases)); *Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 12 Civ. 9351(JPO), 2013 WL 3762882, at *3 (S.D.N.Y. July 18, 2013) (rejecting plaintiff's attempt to cure standing defect, after commencement, by obtaining authorization through new agreement).

Plaintiffs' reliance on *Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242 (2d Cir. 2005) – for the proposition that obtaining authorization to bring suit *after* commencement is sufficient to confer standing – is misplaced. No such holding was reached in that case. The plaintiff in *Applestein* sought to recover payments due under a note that was issued pursuant to an indenture, which, like the Indenture here, required any beneficial note owner – who was not the registered holder – to obtain authorization before bringing suit. *See Applestein*, 415 F.3d at 243-44. The defendant did not assert lack of standing as an affirmative defense and conceded to the district court at oral argument that that permission was effective to confer standing. *See id.* at 244. Then, on appeal, the defendant for the first time argued that such permission is ineffective because it was obtained after the action was commencement. *See id.* at 245.

The Second Circuit affirmed the district court's award of summary judgment and found that defendant's argument "[was] not a persuasive basis on which to reverse" for several reasons. *See id.*

The Court first reasoned that the defendant waived lack of capacity to sue when it failed to raise it as an affirmative defense in its answer.  *See id.*  The Court further found that the defendant waived the specific argument that the plaintiff's post-commencement permission was ineffective by not raising it at oral argument before the district court.  *See id.* at 246.  The Court explained that it considers "new argument[s] on appeal only when necessary to avoid manifest injustice," *Mellon Bank, N.A. v. United Bank Corp. of N.Y.*, 31 F.3d 113, 116 (2d Cir. 1994) (internal quotation marks omitted), and found "no such 'injustice' in refusing to consider the argument for the first time here."  *Id.*  Although the Court "affirm[ed] the district court's judgment on the ground that [the plaintiff] obtained, as provided in the notes' Offering Memorandum, permission to sue from the registered holder," in doing so, it did *not* find that the plaintiff's post-commencement authorization was effective to confer standing, as Plaintiffs suggest.  *See id.* at 245-46.

Here, in contrast to *Applestein*, PDVSA asserted lack of standing and lack of capacity to sue as affirmative defenses in its Answer and moved for judgment on the pleadings on the basis that Plaintiffs lack standing because they had not obtained the requisite authorization ***prior*** to commencing this action.  And, as previously explained, because standing is assessed at the time the action is commenced, Plaintiffs' post-commencement authorization is ineffective to cure their standing defect.

Respectfully yours,
/s/ Robin L. Muir
Robin L. Muir

Senior Associate
robin.muir@hoganlovells.com
D 212 918 3264