```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SERGIO LOVATI, RUDY LOVATI, ALESSANDRA       :
SARAGO LOVATI, AND ALESSANDRA LOVATI         :
                                             :
                       Plaintiff,            :     19-cv-4799 (ALC)
                                             :
       -against-                             :     ORDER AND OPINION
                                             :     DENYING MOTION FOR
                                             :     JUDGMENT ON THE
PETRÓLEOS DE VENEZUELA, S.A..                :     PLEADINGS AND
                                             :     GRANTING LEAVE TO
                                             :     AMEND
                       Defendant.            x
-----------------------------------------------------------------
```

**ANDREW L. CARTER, JR., District Judge:**

Plaintiffs seek payment due under notes issued pursuant to an indenture. Since the plaintiffs, beneficial owners of the notes, did not obtain permission to sue from the registered holder of the notes before filing the complaint, the defendant moves to dismiss, claiming that the plaintiffs lack standing. For the reasons that follow, the defendant's motion is denied, and the plaintiffs are granted leave to amend the complaint.

PROCEDURAL HISTORY

On December 1, 2020, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(c). Plaintiffs opposed on December 22, 2020, while cross-moving to amend the complaint. On December 29, 2020, Defendant filed a reply and opposed plaintiff's cross motion. Plaintiff filed a reply, supporting the motion to amend on January 5, 2021.

1

LEGAL STANDARD

"In deciding a motion for judgment on the pleadings under lRule] 12(c), the Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party." *World Book, Inc., v. IBM Corp.*, 354 F. Supp. 2d 451, 453 (S.D.N.Y. 2005) (citation omitted). "When standing is challenged on the basis of the pleadings, we 'accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *United States v. Vasquez*, 143 F. 3d 74, 81 (2d Cir. 1998) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

DISCUSSION

1)      Plaintiffs Had Article III Standing When The Lawsuit Was Filed.

"Article III standing consists of three 'irreducible' elements: (1) injury-in-fact, which is a 'concrete and particularized' harm to a 'legally protected interest'; (2) causation in the form of a 'fairly traceable' connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be remedied by the requested relief." *W.R.Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F. 3d 100, 107 (2d Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992)). "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F. 3d 79, 84 (2d Cir. 2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197 (1975)).

"[U]nlike Article III standing, prudential standing does not implicate subject matter jurisdiction, i.e., the court's statutory or constitutional power to adjudicate the case." *Partner Reinsurance Co. Ltd. v.*

*RPM Mortgage, Inc*., No. 18 Civ. 5831 PAE, 2020 WL 2904862 at *2 (S.D.N.Y. June 3, 2020) (internal quotations and citations omitted.).  "The prudential standing rule…normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves" *Rajamin* at 86 (internal quotations and citations omitted).

The defendant asserts a prudential standing argument, masquerading as a constitutional one.  As beneficial owners, the plaintiffs satisfied Article III standing by sufficiently pleading a legally protected interest at the inception of this case: they alleged a monetary loss, directly traceable to Defendant's alleged breach, redressable by this Court.  *Carter v. HealthPort Techs., LLC*, 822 F. 3d 47 at 55 (2d Cir. 2016).  Prudential standing prevents the plaintiffs from obtaining relief for their injuries by asserting rights belonging to the registered holder of the notes.  The indenture grants the registered holder the right to sue for non-payment of the notes.  ECF Doc. 50 at 10.  But, under the indenture, the beneficial owners may take actions as "holders" of the notes—including suing for non-payment—if authorized by the registered holder.  *Id*.  While Plaintiffs ultimately need authorization to sue from the registered holder, that authorization need not pre-date the filing of this lawsuit.  The Second Circuit made that clear in *Allan Applestein TTEE FBO D.C.A. Grantor Tr. v. Province of Buenos Aires*, 415 F. 3d 242 (2d Cir. 2005). .

*Applestein* held that beneficial owners could maintain a suit for non-payment of interest and principal even though they obtained permission to sue from the registered holder after initiating the lawsuit.  *Applestein* at 245.  The Circuit gave several reasons for this decision.  First, *Applestein* held that the defendant waived this argument by not raising it in its answer.  Second, the defendant previously conceded that the permission was effective.  *Id*. at 245-246.  Third, since there is no statute of limitations on claims by beneficial owners for non-payment of interest and principal, dismissing the complaint would simply result in a wasteful repetition of proceedings when plaintiffs refiled the suit.[1]  *Id*. at 246.

---

[1] In addition, *Applestein* rejected Defendant's arguments based on three New York state court opinions. Two of the cases did "not involve beneficial owners obtaining authorization from the registered owner,

Here, Defendant did not waive the argument, nor did it concede that beneficial owners could proceed without authorization from the registered holder. But Defendant can not overcome the third reason that the Circuit gave in rejecting the same argument advanced before it—if the Court dismisses the complaint, the plaintiffs could simply refile the case. While the defendant may disagree with *Applestein*, that case is binding precedent.

Moreover, Defendant relies on irrelevant cases to advance its standing arguments.[2] In *Nastashi & Associates, Inc. v. Bloomberg, L.P.*, et al., No. 18-cv-1236 JMF, 2020 WL 2555281 (S.D.N/Y. May 20, 2020), the plaintiffs assigned away their rights to the property before initiating the lawsuit. Since they relinquished any interest in the property before initiating the lawsuit, there was no Article III standing. *Id.* at *1. In *Cortlandt Street Recovery Corp v. Deutsche Bank AG*, *London Branch*, No. 12-cv-9351 JPO, 2013 WL 3762882 (S.D.N.Y. July 18, 2013), those plaintiffs received rights to some property, but failed to give any details about what they were assigned. Since there was evidence that the plaintiffs were claiming an interest in different property than the property contained in the assignment, the Court could not be certain that the plaintiffs had a property interest in the property targeted by the lawsuit. *Id.* at *3.

2)   Plaintiffs Are Granted Leave To File The Amended/Supplemental Complaint.

"Leave to amend should be "freely given." Fed. R. Civ. 15(a)(2). Since the proposed amendment concerns some events post-dating the defendant's filing of a Rule 12 motion, I will also grant leave to file

---

and are thus inapplicable...." *Id* at 246. In the third case, the state court never decided that the registered holder's authorization for the lawsuit would have been ineffective. *Id*.

[2] Defendant also claims that prudential standing requires a dismissal of the complaint. As discussed above, this argument is without merit.

4

a supplemental complaint under Rule 15(d).  "[C]ourts adhere to the same liberal standards" under Rule 15(d) as under Rule 15(a).  *Escoffier v. City of N.Y.*, No. 13-cv-03918 (JPO) (DF), 2017 WL 65322 AT *2 (S.D.N.Y. January 4, 2017).  The proposed amendment contains the allegation that the registered holder has authorized the plaintiffs to bring this suit, solidifying Plaintiffs' right to pursue the claims in this case.  There is no prejudice to the defendant.  The plaintiffs may file the amended/supplemental complaint.

CONCLUSION

Defendant's motion is denied.  Plaintiffs are permitted to file the amended/supplemental complaint.  Defendant's remaining arguments are without merit.

**SO ORDERED.**

**Dated: December 13, 2021**
**New York, New York**

   /s/ Andrew L. Carter, Jr.
**ANDREW L. CARTER, JR.**
**United States District Judge**