

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

Matthew A. Ducharme
Senior Associate
T +1 212 918 3734
matthew.ducharme@hoganlovells.com

*VIA ECF*

August 10, 2022

Hon. James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Lovati, et al. v. Petróleos de Venezuela, S.A.,* S.D.N.Y. Docket No. 1:19-cv-04799-ALC

Dear Judge Cott:

This firm represents defendant Petróleos de Venezuela, S.A. ("PDVSA") in the above-referenced action.  Pursuant to paragraph I(E) of Your Honor's Individual Practices, we are writing, on consent of the plaintiffs, to request a 30-day extension of the current deadline to complete non-expert discovery from August 15, 2022 to September 14, 2022.  The reason for the request is that despite best efforts, critically important third-party discovery remains outstanding—namely, the deposition of a third-party with direct knowledge of attempts by PDVSA to make payments on various notes, and outstanding letters of request.

As we informed the Court in our letter of June 28, 2022, ECF No. 87, PDVSA served certain third-party subpoenas on entities that PDVSA identified as having direct involvement with efforts made by PDVSA to make payments under various notes, including the ones at issue here. While we have received documents in response to these subpoenas, PDVSA has not yet been able to take the deposition of a corporate representative of Delaware Trust, one of the entities with direct knowledge of PDVSA's payment attempts.  Scheduling of the deposition was made complicated when the individual that Delaware Trust preliminarily identified as best suited to serve as its corporate representative, Mr. Musarra, became a former employee of the company. Nonetheless, we have reached an agreement with counsel that Delaware Trust will arrange for the deposition of Mr. Musarra.  Subject to Your Honor granting PDVSA's requested extension of the discovery deadline, we have agreed with Delaware Trust's counsel to take the deposition of Mr. Musarra on Thursday, September 8, the first mutually available date.  As the third-party documents reflect, Mr. Musarra was intimately involved in trying to coordinate payments on

various PDVSA notes, and thus good cause exists to extend the discovery deadline to conduct his deposition.

PDVSA is also still waiting to receive responses to the outstanding letters of request issued in this case. PDVSA has been working with local counsel to obtain this discovery, but the delay in receiving responses from foreign third parties has been beyond PDVSA's control. Since our last update to the Court, Euroclear Bank S.A./N.V. has objected to the letter of request and the Belgian court has set a calendar for briefing on this issue. The first submissions on this issue are due on August 11, 2022. As to the letters of request directed to Bank Internationale à Luxumbourg and Clearstream Banking S.A., the requests have been submitted to the relevant enforcement authorities but we are still awaiting a response.

PDVSA is also waiting to receive the requested discovery in response to the majority of the letters of request issued in *Syracuse Mountains Corp. v. PDVSA*, No. 21-CV-2684 (S.D.N.Y.), that are relevant to PDVSA's defense of this action. As Your Honor may recall, PDVSA previously sought the issuance of letters of request directed at Zuma Bank, China CITIC, Dinosaur Merchant Bank Limited, Gazprombank, and Novo Banco, but subseuqnetly determined that the letters of request issued in *Syracuse* that were directed at these same parties were sufficiently broad enough to encompass all of the documents relevant to this action. ECF No. 86. That being the case, we did not request the issuance of duplicative letters of request in this action, subject to the understanding that PDVSA was not waiving any rights to seek an extension of the discovery period in this case if additional time is needed to obtain relevant responses to the *Syracuse* requests. *Id.* As to the five letters of request served in the *Syracuse* case that are relevant here, PDVSA has only received documents so far from Dinosaur Merchant Bank and Zuma Bank, and and is still waiting on documents from the three others. The discovery period in the *Syracuse* case remains open to allow time to receive responses to the letters of request. As such, we are requesting an extension of the fact discovery cutoff date in this action to receive those same responses.

As a point of clarification, while PDVSA is presently seeking an extension of 30 days to complete discovery, we do not want to suggest to the Court that we believe that all outstanding letters of request will be resolved within that time frame. That being said, PDVSA believes that certain of the letters of request may be mooted depending on the outcome of the upcoming deposition of Mr. Musarra, and for that reason, PDVSA expects to be in a better position to estimate how much, if any, additional time it will need to complete outstanding discovery after that deposition occurs. For that reason, PDVSA is presently seeking the 30 day extension of discovery so that it may depose Mr. Musarra, but acknowledges that it may need to seek an additional extension at the conclusion of the 30 days.

This is the second request for an extension of this deadline. Plaintiffs have consented to the extension.

We thank you for your attention to this matter.

Respectfully submitted,
/s/ Matthew A. Ducharme
Matthew A. Ducharme

Senior Associate
matthew.ducharme@hoganlovells.com
212 918 3734