

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

Dennis H. Tracey, III
Partner
T +1 212 918 3000
Dennis.tracey@hoganlovells.com

*VIA ECF*

January 5, 2023

Hon. James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Lovati, et al. v. Petróleos de Venezuela, S.A.,* S.D.N.Y. Docket No. 1:19-cv-04799-ALC

Dear Judge Cott:

This firm represents defendant Petróleos de Venezuela, S.A. ("PDVSA") in the above-referenced action. We write to advise the Court of a significant development affecting this firm's ability to represent PDVSA in this matter, and to request a limited stay of proceedings. We have consulted with plaintiffs' counsel, who have advised us that, under the circumstances, plaintiffs do not object to the requested relief.

As set forth in prior submissions (e.g., Declaration of José Ignacio Hernández González Dkt. 29), this firm was engaged as counsel for PDVSA by the Government of Interim President Juan Guaido, under the authority of the "Acuerdo de Ratificación de la Usurpación," dated March 19, 2019, and the "Statute Governing the Transition to Democracy to Restore the Validity of the Constitution of the Bolivarian Republic of Venezuela", pursuant to which the National Assembly gave to the Special Attorney General authority to engage outside counsel to represent PDVSA in certain litigation matters with the approval of the Ad Hoc Board of PDVSA.

On December 30, 2022, the National Assembly voted to terminate the Interim Government of Juan Guaido, to eliminate the Special Attorney General, and to restrict the powers of and designate new members of the PDVSA Ad Hoc Board.[1] We understand that, under the new Transition Statute, the National Assembly will appoint a Commission that will have

---

[1] *See, e.g.,* https://www.wsj.com/articles/venezuelas-u-s-backed-opposition-removes-juan-guaido-as-its-leader-11672441327; https://www.state.gov/venezuelas-interim-government-and-the-2015-national-assembly/.

responsibility for litigation matters, including the appointment of counsel, but we do not believe the Commission has yet been formed.  Accordingly, this firm currently does not have any client representative with authority to instruct us, and we do not know when we will receive clarification as to who has authority within the government, and whether we will continue to be counsel.  There are also significant questions as to whether existing OFAC licenses will continue to allow us to perform legal services and to accept payment for services.

Accordingly, we request a temporary stay of the case to determine whether we will continue as counsel and to obtain instructions, if any.  The current schedule established by the Court requires that the parties complete expert depositions by January 23, 2023, and thus we respectfully request that this matter be stayed for 30 days – i.e., until February 3, 2023 – and that the current January 23 deadline be extended to February 27 solely for the purpose of completing the two expert depositions.   In the meantime, we will provide the Court with a status report by February 3, and earlier if there are any material developments.

We are available at the Court's convenience to answer any questions, and appreciate the Court's attention to this matter.


Respectfully submitted,

/s/ Dennis H. Tracey, III
　　Dennis H. Tracey, III