USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __12/18/25__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDI LOVATI and ALESSANDRA LOVATI,<br><br>       Plaintiffs,<br><br>-against-<br><br>PETRÓLEOS DE VENEZUELA, S.A.,<br><br>       Defendant. | 1:19-cv-04799 (ALC) (HJR)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., District Judge:**

  Currently pending before the Court is Defendant's motion to deem facts admitted. *See* ECF Nos. 174, 175. For the reasons discussed below, Defendant's motion is **DENIED**.

## BACKGROUND

  The Court has previously detailed the factual history of this case. *See Lovati v. Petroleos de Venezuela, S.A.*, No. 19-CV-4799-ALC, 2025 WL 951499, at *1-3 (S.D.N.Y. March 28, 2025); *see also* ECF No. 155. The Court assumes the parties' familiarity with the facts and procedural history of the case and will only outline the background as relevant to the Court's analysis herein. Plaintiffs Rudi Lovati and Alessandra Lovati ("Plaintiffs") commenced this breach of contract action against Defendant Petróleos de Venezuela, S.A. ("PDVSA"), seeking recovery for payments allegedly due under notes issued by PDVSA.

  On March 28, 2025, this Court issued an opinion and order denying both parties' motions for summary judgement, finding that an issue of material fact remains as to PDVSA's defense of impossibility. *See id.* at *8. In connection with the motion papers, both parties separately submitted statements of material fact pursuant to Local Rule 56.1. *See* ECF Nos. 131, 136. In accordance with Rule 56.1, the parties thereafter submitted their responses to these statements,

demitting or denying and otherwise controverting each asserted fact. *See* ECF Nos. 145, 147. PDVSA's response included a counterstatement of seventeen additional material facts. *See* ECF No. 147 at 35-37. Plaintiffs further responded to PDVSA's counterstatement. *See* ECF No. 152.

As part of the March 28 opinion and order, the parties were directed to file a joint pretrial order in accordance with the Court's Individual Rules. *See* ECF No. 155. Rule 4(A)(vii) of this Court's Individual Practices directs the parties to include "[a]ny stipulations or agreed statements of facts or law" in their pretrial orders. On June 27, 2025, the parties filed a joint pre-trial order including an agreed upon statement of facts. *See* ECF No. 167. On August 8, 2025, PDVSA filed a letter requesting a pre-motion conference on a motion to deem facts admitted. *See* ECF No. 171. In the letter, PVDSA explained that when preparing the joint pretrial order, the parties disagreed over 28 facts to be admitted in the stipulated facts section. *See id*. at 1. PVDSA believes these 28 facts should have been included as Plaintiffs admitted to these facts in their responses to the statement of material facts and counterstatement of material facts during summary judgment briefing. *See id*. Plaintiffs refused to include the 28 facts in the parties' joint pretrial order. *See id*.

On August 13, 2025, the Court granted PDVSA leave to file its motion to deem facts admitted. *See* ECF No. 172. On August 28, 2025, PDVSA field its motion to deem facts admitted. *See* ECF Nos. 174, 175. On September 16, 2025, Plaintiffs filed their opposition brief. *See* ECF No. 177. On September 23, 2025, PDVSA filed its reply brief. *See* ECF No. 178.

## STANDARD OF LAW

### I. Local Rule 56.1 Statements

Local Civil Rule 56.1 of the Southern and Eastern Districts of New York governs the submission of statements of material facts in connection with motions for summary judgement.

*See generally* Local Civ. R. 56.1. Rule 56.1(a) requires any motion for summary judgement "must be accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). Any opposition to a motion for summary judgement "must include a correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party." Local Civ. R. 56.1(b). If necessary, the opposing party should also include "additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." *Id*. Further, "[e]ach numbered paragraph in the statement of material facts . . . will be deemed to be admitted for purposes of the motion unless specifically denied and controverted by a correspondingly numbered paragraph." Local Civ. R. 56.1(c). each statement under Rule 56.1(a) and (b) "must be followed by citation to evidence that would be admissible." Local Civ. R. 56.1(d).

## II.  Judicial Admissions

"A judicial admission is a statement made by a party or its counsel which has the effect of withdrawing a fact from contention and which binds the party making it throughout the course of the proceeding." *In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020) (citation omitted). Judicial admissions are not evidence. *See Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) (quoting 2 McCormick on Evid. § 254 (6th Ed. 2006)). Instead, judicial admissions "are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id*. To be considered a judicial admission, "a statement must have sufficient formality or conclusiveness." *In re Motors Liquidation Co.*, 957 F.3d at 360 (internal quotation marks and

citation omitted). Further, to constitute a judicial omission, a statement "must not only be a formal statement of fact but must also be intentional, clear, and unambiguous." *Id*. at 361.

## DISCUSSION

PVDSA argues Plaintiffs' affirmative admissions in their Rule 56.1 statements qualify as judicial admissions and should be admitted for trial. Plaintiffs argue that as an initial matter, Rule 56.1 statements are limited to the context of a summary judgement and cannot extend to trial. For the reasons that follow, the Court finds that potential admissions in Rule 56.1 statements do not extend beyond the summary judgment context.

### I.     Scope of Rule 56.1 Statements

Plaintiffs argue that Rule 56.1 Statements apply solely to summary judgment motions. *See* ECF No. 177 at 1. Specifically, Plaintiffs argue Rule 56.1(c) expressly states that when not controverted, statements are deemed admitted "for purposes of the motion." Local Civ. R. 56.1(c). PVDSA concedes that Local Rule 56.1(c) limits the binding effect of uncontested admissions to the summary judgement context. *See* ECF No. 178 at 3. PDVSA argues, however, that affirmative admissions are distinct from uncontested admissions. *See id.* PDVSA argues that Plaintiffs response in the Rule 56.1 Statements of "admitted" to the statements at issue created an "affirmative admission" rather than an "uncontested admission." *See id*. The Court is not entirely persuaded by this argument. Rule 56.1(b) explains that 56.1 Statements "must include a correspondingly numbered paragraph admitting or deny, and otherwise responding to, each numbered paragraph in the statement of the moving party". Local Civ. R. 56.1(b). Rule 56.1(c) further states that "each numbered paragraph in the statement . . . will be deemed to be admitted for purposes of the motion unless specifically denied and controverted". Local Civ. R. 56.1(c). Rule 56.1 essentially states that if a party fails to deny and controvert a statement, it will be

deemed admitted. Had Plaintiffs not responded rather than state "admitted," the statements would have been deemed admitted anyway. Thus, the Court is not convinced that Plaintiffs' response of "admitted" is significant enough to create an "affirmative admission" that extends beyond the summary judgment context when an otherwise "uncontested admission" would not.

To support this argument, PDVSA relies on *Schlenger v. IBM Corp*, No. 09-CV-3986-CS, 2013 WL 944798 (S.D.N.Y. Mar. 12, 2013). In *Schlenger*, the plaintiff made certain admissions in her Local Rule 56.1 responses that were directly contradictory with allegations she later made in a first amended complaint. *See* 2013 WL 944798, at *5. As a result, the court found that the new allegation was insufficient to overcome her judicial admission. *See id*. There are a few distinctions between *Schlenger* and the instant case. First, although extending beyond the summary judgement context, *Schlenger* does not extend such admissions to trial and is thus not on point. Second, the *Schlenger* case was a decision addressing a motion to dismiss the amended complaint, and the court considered the plaintiff's Rule 56.1 admissions only because they were directly contradictory with new allegations in the amended complaint. Lastly, in holding that the plaintiff was bound by these admissions, the *Schlenger* court relies on *Cohen v. Movtady*, 751 F. Supp. 2d 436 (E.D.N.Y. 2010). However, in *Cohen*, the court's finding that "parties are bound by their concessions in Rule 56.1 Statements" was solely within the summary judgement context. 751 F. Supp. 2d at 443. Accordingly, the Court holds that *Schlenger's* reasoning does not apply here.

To that end, it does not appear as though the Second Circuit has directly addressed the issue of whether Rule 56.1 Statements extend beyond the summary judgement context and are binding at trial. The district courts in the Second Circuit faced with similar issues have reached different outcomes. PDVSA relies on *Schelnger* and *Opal Fin. Grp. v. Opalesque, Ltd*. to support

its argument that admissions in Rule 56.1 Statements extend beyond the summary judgement context. *See* ECF No. 175, 178. For reasons outlined above, the Court declines to apply *Schlenger's* reasoning here.

In *Opal Fin. Grp. v. Opalesque, Ltd.*, the District of Connecticut held that affirmative admissions in Rule 56.1 statements were deemed admitted for trial purposes. No. 08-CV-1403-CSH, 2014 WL 5587004, at *15 (D. Conn. Nov. 3, 2014). While *Opal* is largely on point, it is worth noting that the procedural posture of that case was post-bench trial, and the decision referenced there is the Findings of Fact and Conclusions of Law. *See id*. Nonetheless, the Court declines to follow the reasoning of this district court as the Court is more persuaded by the multiple courts in the Southern and Eastern District of New York who have held differently.

The Court sides with the courts in this district and neighboring districts who have held that admissions in Rule 56.1 statements do not extend to trial. In *Vasconcellos v. City of New York*, the plaintiff moved to overturn the court's decision dismissing the individual officer defendants on the ground that the City of New York made judicial admissions in a Rule 56.1 statement which prove facts asserted by plaintiff as true. No. 12-CV-8445-CMHBP, 2015 WL 1402775, at *1 (S.D.N.Y. Sept. 9, 2015). The court stated that the plaintiff wrongly believed such admissions in Rule 56.1 statements can be introduced at trial. *See id*. at *1-2 ("The Rule 56.1 Statement is not evidence; it is a procedural mechanism that allows a party to make a motion for summary judgement even when there will be disputed issues of fact at the trial"). Indeed, the reasoning of the court is quite illustrative here:

> Motions predicated on the argument that "even if the plaintiff is right about the facts, she is wrong on the law" are a perfectly acceptable litigation tactic, and litigants have the freedom to make such motions because this court's Local Rule 56.1 expressly provides that any admissions made in a Rule 56.1 statement are deemed *admitted for purposes of the motion only*. That means that a party can "admit" facts that it intends to dispute at trial without suffering any prejudice – the

> "admission" is for the limited purpose of making the "even if" motion, so it neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.

*Id*. at *1.

In reaching its decision, the court in *Vasconcelllos* acknowledged its colleague, Judge Cogan's decision in the Eastern District in *Rasmussen v. City of New York*, 10-CV-1088 (E.D.N.Y. December 21, 2010). *See* id. at *2. Judge Cogan stated admissions made in a Rule 56.1 statement are not binding at trial; rather, "it is merely one aspect of the fundamental summary judgement rule that the facts must be viewed in the light most favorable to the opponent of the motions. . . . Defendants must either concede these facts for the limited purpose of summary judgment (not trial) or admit that they have no viable motion." *See id*.

The Southern District again reached a similar determination that admissions in Rule 56.1 statements do not extend beyond the summary judgment context in *Ramgoolie*. In this case, the defendant objected to the magistrate judge's decision that certain facts should be deemed admitted for the purposes of the summary judgement motion. *Ramgoolie v. Ramgoolie*, 16-CV-3345-VEC-SN, 2018 WL 4266015, at *7 (S.D.N.Y. Sept. 6, 2018). In overruling the defendant's objection, the court acknowledged that the defendant seemed to be objecting so that he may later challenge these admissions at trial. *See id*. The court explained that the defendant "misses the critical point that, under Rule 56.1(c), facts are deemed admitted *for the purposes of the motion*. That these facts were deemed admitted at summary judgement does not preclude Defendant from challenging Plaintiff's evidence at trial." *Id*.

Lastly, the Eastern District similarly acknowledged that "district courts in this circuit routinely remind litigants that their Local Rule 56.1 statements may be deemed admitted for the purposes of a summary-judgement motion, but not for trial." *Cortes v. City of New York*, No. 14-

CV-03014-LDH-RML, 2019 WL 5592853, at *4 (E.D.N.Y. Oct. 30, 2019). This court also adopted the reasoning of the *Vasconcellos* court in rejecting the plaintiff's argument that Rule 56.1 statements constitute judicial admissions that extend beyond the summary judgment context. *See id.*; *see also Marrero v. Air Brook Limousine*, No. 13-CV-2791-CM, 2014 WL 1623706, at *2 (S.D.N.Y. Apr. 23, 2014) (stating that admissions in defendants' Rule 56.1 statement are deemed admitted for the purposes of the summary judgment motion but not for trial).

Accordingly, this Court adopts the reasoning of these courts in holding that admissions in Rule 56.1 statements do not extend beyond the summary judgement context and as such are not judicial admissions binding at trial.

## CONCLUSION

Defendant PDVSA's motion to deem facts admitted is hereby **DENIED**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 174.

The parties are reminded that in advance of trial, they should file any motions in limine by January 7, 2026. Oppositions shall be filed by January 14, 2026. The final pretrial conference will be held in person on January 22, 2026 at 3:30pm.

**SO ORDERED.**

Dated:   **December 18, 2025**
         **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**